UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARION DALE JONES #94795　　　　　　CIVIL ACTION NO. 19-cv-1548

VERSUS　　　　　　　　　　　　　　　　JUDGE S. MAURICE HICKS, JR.

DARREL VANNOY　　　　　　　　　　　MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Marion Dale Jones ("Petitioner") was convicted of aggravated rape and received a mandatory life sentence. He pursued a direct appeal and a post-conviction application in state court. He then filed this federal habeas corpus proceeding. The undersigned recently considered the merits of the original petition as well as an amendment that added a Ramos-style challenge that was exhausted in the state courts after this federal petition was filed. The undersigned issued a report and recommendation (Doc. 24) and recommended that the petition be denied.

With respect to the Ramos challenge, the report and recommendation noted that the jury had been instructed that ten of the twelve must concur to render a verdict. A verdict of guilty was returned, but no party requested polling of the jury. Thus, it is not known whether the vote was unanimous. The undersigned recommended that any Ramos claim be denied because Edwards v. Vannoy, 141 S.Ct. 1547 (2021) held that Ramos does not apply retroactively on federal collateral review. Petitioner's conviction was final after his direct appeal was completed in 2017.

Petitioner now presents a Motion to Stay and Abey (Doc. 26) that represents he is proceeding in the state courts with a post-conviction application based on claims of factual innocence. A review of his post-conviction application, attached to the motion, shows that it was filed in December 2022. The claims are labeled as regarding factual innocence, but the substance of every argument is that Louisiana's (since repealed) non-unanimous jury verdict law was unconstitutional. The arguments are just a restatements of the claim that was already addressed in the report and recommendation.

Even if the post-conviction application presented a stand-alone claim of actual innocence based on new evidence or the like, the claim would fail on the merits. Such claims do not state an independent ground for habeas relief. Rather, a claim of actual innocence may only serve as a gateway through which a habeas petitioner must pass to have an otherwise procedurally barred constitutional claim considered on the merits. Herrera v. Collins, 113 S.Ct. 853 (1993); Coleman v. Thaler, 716 F.3d 895, 908 (5th Cir. 2013).

The stay and abeyance requested by Petitioner "should be available only in limited circumstances." Rhines v. Weber, 125 S.Ct. 1528 (2005). Courts should be cautious about granting such stays because they undermine the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. A "stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." Id.

Petitioner has not shown good cause to further stay this 2019 case. The claims that Petitioner says he is attempting to exhaust and then bring to this court are simply variations on the claim that has already been presented and found to be without merit. Staying the case has no potential to lead to habeas relief. The best exercise of the court's discretion is to deny the stay and move toward a final resolution of this habeas proceeding. Accordingly, Petitioner's **Motion to Stay and Abey (Doc. 26)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of February, 2022.

Mark L. Hornsby
U.S. Magistrate Judge